# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CRYSTAL GRANDQUEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 18-0277-WS-C |
| | ) |
| CHRISTOPHER HELMS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on plaintiff's Motion for Voluntary Dismissal Without Prejudice (doc. 26). Defendant has filed a Response (doc. 28) requesting that certain conditions be imposed on the dismissal, and plaintiff has filed a Reply (docs. 29 & 30) to that request for conditions. The Motion is now ripe.

**I.     Background.**

Plaintiff, Crystal Grandquest, commenced this action against her ex-boyfriend, defendant Christopher Helms, by filing a Complaint (doc. 1) in this District Court on June 19, 2018. The First Amended Complaint alleged purely state-law claims of assault, battery, outrage, negligence and wantonness, all arising from an incident that purportedly occurred on March 24, 2018. According to the well-pleaded factual allegations of the First Amended Complaint, on that date Helms assaulted and repeatedly struck Grandquest on the face, torso, arms and upper body with his closed fist in his vehicle after the pair got into an argument over a cell phone. (Doc. 12, ¶¶ 7-9, 13.) Grandquest alleged that she "received medical treatment for the wounds and pain caused by Helms," and that she suffered harm "in the form of physical pain, suffering, mental anguish, emotional distress and medical expenses." (*Id.*, ¶¶ 14-15.) Grandquest predicated federal subject matter jurisdiction on the diversity provisions of 28 U.S.C. § 1332, as evidenced by allegations that (i) Grandquest and Helms are citizens of different states, such that complete diversity of citizenship exists between them; and (ii) Grandquest "demands judgment against the

Defendant for compensatory and punitive damages in an amount in excess of the jurisdictional limit of the Court." (*Id.*, at 1, 3.)

On November 5, 2018, Helms (who had previously filed an Answer (doc. 5) to the original Complaint) filed a barebones Motion to Dismiss, wherein he argued that diversity jurisdiction under § 1332 was lacking. In particular, Helms pointed to discovery showing that Grandquest's total medical expenses were less than $1,800, of which insurance paid the vast majority, leaving plaintiff's out-of-pocket medical costs at a mere $341.69. (Doc. 24, ¶ 5.) Helms also asserted that Grandquest's discovery responses had failed to make any showing "that would bring the damages anywhere near the statutory minimum" to support federal diversity jurisdiction. (*Id.*, ¶ 6.) For these reasons, Helms sought dismissal of this action for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), Fed.R.Civ.P.

Just three days after Helms filed his Rule 12(b)(1) Motion, Grandquest filed a Motion for Voluntary Dismissal without Prejudice (doc. 26), pursuant to Rule 41(a)(2), Fed.R.Civ.P. Given an opportunity to be heard, Helms acquiesced to the dismissal of this action, but requested the following additional conditions: "that the Plaintiff be held in contempt for willful abuse of the Federal Court System and that the Plaintiff is taxed with paying the Defendant's $3,500.00 attorneys' fees." (Doc. 28.) Understandably, plaintiff opposes these requested conditions, stating that she filed her Rule 41(a)(2) Motion not because she agrees that federal jurisdiction is lacking, but rather in an effort to simplify judicial proceedings, economize the Court's time, and proceed in defendant's preferred forum without a protracted jurisdictional dispute.

**II.     Analysis.**

Because Helms has filed an Answer (doc. 5) and the Motion for Voluntary Dismissal is not presented in the form of a stipulation signed by all parties that have appeared, Grandquest's Motion is governed by Rule 41(a)(2), Fed.R.Civ.P. That rule generally provides that, where the defendant has filed an answer or a motion for summary judgment and no stipulation of dismissal has been filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Rule 41(a)(2). "The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). "In exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the

dismissal as are deemed appropriate." *Id.* at 1256 (citation and internal quotation marks omitted). Such conditions may include assessment of costs and fees in appropriate circumstances. *See, e.g., Russell-Brown v. Jerry, II*, 270 F.R.D. 654, 661 (N.D. Fla. 2010) ("In dismissing a case under Rule 41(a)(2), a court may assess costs and fees associated with the action.") (citation omitted); *Ortega v. Banco Central del Ecuador*, 205 F.R.D. 648, 653 (S.D. Fla. 2002) ("The Court applies the American rule that attorneys' fees and costs should be awarded for wasted efforts."); *Anderberg v. Masonite Corp.*, 176 F.R.D. 682, 687 (N.D. Ga. 1997) ("it is clear a court may cure any prejudice to a defendant by conditioning a Rule 41(a) dismissal on the moving party's payment of some of the costs and expenses borne by the other party in the action") (citation omitted).

After careful consideration of the parties' filings, the Court exercises its discretion to grant plaintiff's Motion for Voluntary Dismissal Without Prejudice without assessing costs and attorney's fees against plaintiff. The rationale for this result is multipronged. First, the vast majority of defendant's attorney's fees incurred in this action cannot reasonably be said to have been "wasted." After all, Grandquest has unambiguously stated that she "intends to refile this action in the appropriate state court" following Rule 41(a)(2) dismissal of this federal action. (Doc. 29, at 7.) Defense counsel's investigation of the case, drafting of pleadings, and preparation of discovery will all carry over to the ensuing state-court litigation, and therefore cannot reasonably constitute prejudice or be characterized as wasted effort to Helms. Second, Helms bears some responsibility for the lengthy pendency of this action in federal court, inasmuch as he waited some four and a half months after service of process before raising his jurisdictional objection via a Rule 12(b)(1) Motion. Had defendant filed the motion sooner, he could have nipped these federal proceedings in the bud before accruing the bulk of the attorney's fees for which he now seeks reimbursement.

Third, defendant's premise for demanding an award of attorney's fees as a condition of dismissal (*i.e.*, that plaintiff and her attorney "were well aware that the statutory minimum of $75,000.00 … was not even close to being met" (doc. 28)) is far from a sure thing.[1]

---

[1] As an initial matter, defendant's argument that plaintiff should be "held in contempt for willful abuse of the Federal Court System," thereby triggering an attorney's fee award, is meritless on its face. (Doc. 28.) *See generally Georgia Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007) ("We will make a finding of civil contempt – that is, willful (Continued)

Grandquest's evidence is that Helms (who was at that time her boyfriend) repeatedly punched her with a closed fist in the passenger seat of his vehicle, with such ferocity and strength that Grandquest sustained extensive bruising. (Doc. 29, Exh. 2, at 8-12.) Indeed, plaintiff's evidence also shows that a disinterested bystander who observed the attack was in such fear of Grandquest's safety that she exclaimed, "My God, he's going to kill her," and intervened to protect Grandquest. (*Id.* at 26-27.) In her tort claims arising from this incident, Grandquest seeks to recover not only her out-of-pocket medical damages, but also compensatory damages (for emotional distress, mental anguish and pain and suffering) and punitive damages. Given these circumstances and this showing by plaintiff, it is not obvious to the Court that "the statutory minimum of $75,000.00 … was not even close to being met" in this case. *See generally Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) ("where jurisdiction is based on a claim for indeterminate damages, … the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it basing jurisdiction meets the jurisdictional minimum").

### III. Conclusion.

For all of the foregoing reasons, plaintiff's Motion for Voluntary Dismissal without Prejudice (doc. 26) is **granted**. Pursuant to Rule 41(a)(2), Fed.R.Civ.P., this action is **dismissed without prejudice**, each party to bear his or her own fees and costs, with the express understanding that plaintiff intends to refile this action in an appropriate state court to avoid a jurisdictional quarrel. The Court in the exercise of its broad discretion declines to impose conditions on the dismissal, and does not award defendant his attorney's fees or costs.

DONE and ORDERED this 21st day of November, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

disregard of the authority of this Court – only upon a showing that the alleged contempt is clear and convincing."). Defendant identifies no facts or law that would support a conclusion that Grandquest and/or her counsel have proceeded in knowing or willful disregard of the authority of this Court, much less that they have "willfully abused" the federal court system by invoking federal jurisdiction under the circumstances presented here. The notion of contempt simply has no application here.